IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW MARK SOUTHEY,<br><br>    Defendant. | Case No. 26-CR-5-GKF |

**Unopposed Motion for Protective Order Regarding Certain Discovery Items**

The government moves the Court to enter an unopposed Protective Order Regarding Certain Discovery Items, further described below. Counsel for Mr. Southey and he does not oppose a protective order in this case.

A federal grand jury charged Mr. Southey with child sexual exploitation and receipt of child pornography. Discovery involves data from Snapchat (including information obtained pursuant to a sealed search warrant); the minor victim's (MV) forensic interview. Discovery may also include a protected Grand Jury transcript and criminal history reports or other reports containing vast amounts of personally identifiable information (PII). This discovery contains large amounts of PII, the information and identities of the minor victim, videos and images depicting minors, that cannot be readily redacted to protect those individual's privacy concerns, as well as discovery that should be disclosed in a protected capacity.

The Government will abide by its discovery obligations under Federal Rule of Criminal Procedure 16, *Brady*, and *Giglio*. The Court may "for good cause, deny,

restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials that they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969).

Discoverable material may include grand jury transcripts protected by Federal Rule of Criminal Procedure 6(e). Rule 6(e)(1) gives the United States Attorney custody and control of grand jury material and transcripts until the Court orders otherwise. Rule 6(e)(2) states "an attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules." There are several exceptions to the rule, and one exception allows grand jury transcripts to be released when directed by the Court. Fed. R. Crim. P. 6(e)(3)(E)(i). It is the practice in this district to voluntarily disclose grand jury transcripts in advance of trial, thereby preventing delays during the trial. Discovery may also include forthcoming Grand Jury transcripts of the testifying FBI agent.

Due to the sensitive and/or protected nature of the evidence and because much of the evidence cannot be readily redacted to address these privacy concerns, the parties agree a Discovery Protective Order is appropriate for the following discovery: data from Snapchat (including information obtained pursuant to a sealed search warrant); the minor victim's (MV) forensic interview; and search warrants obtained and

maintained under seal; criminal history reports and other PII reports; and protected Grand Jury transcripts (hereinafter "Protected Discovery").

The parties agree on the following restrictions regarding the handling of the Protected Discovery that apply to defense counsel and members of the defense team:

a) The defense team, which includes counsels of record for the defense, investigators, paralegals, support staff, and their contractors may not disseminate physical/electronic copies of discovery or substantially disclose their contents verbatim of the Protected Discovery for any purpose other than those individuals identified in subparagraph b;

b) The defense team may not show Protected Discovery to anyone except the defendant, defendant's attorney(s) of record in this case, potential witnesses, and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including an expert witness(es), and not leave the Protected Discovery in the possession of the defendant;

c) The defense team may not reproduce Protected Discovery, for dissemination to any persons or parties other than defendant's attorney(s) of record in this case and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including an expert witness(es). Those on the defense team and employed by the attorney who are necessary to assist in preparation for trial in this case are permitted to retain a copy of any necessary and relevant Protected Discovery until the conclusion of the litigation in this case. Defense counsel shall notify any person receiving Protected Discovery of the restrictions in this Order, provide those recipients with a copy of the Order, and direct those persons to store the materials in a confidential and secured space. Defense counsel shall ensure that recipients of Protected Discovery return all copies of the discovery, physical or electronic, to counsel, and that all recipients delete or destroy any electronic links to Protected Discovery;

d) If the parties wish to file portions of Protected Discovery, make those items available to the Court, or to make reference to the sensitive portions of their contents, then those portions of Protected Discovery must be filed as sealed exhibits or redacted so as not to disclose the identities of any minors or their guardians;

    e) In the event defense counsel is replaced by new defense counsel outside of Cannon and Associates Criminal Defense and Family Firm, defense counsel shall not turn over Protected Discovery to new counsel without prior written permission of the government. The government will only grant permission when it is satisfied that new counsel has reviewed the terms of the Protective Order and has acknowledged that he/she is bound by them; and

    f) The provisions of this Protective Order shall not terminate at the conclusion of this prosecution.

WHEREFORE, the United States respectfully requests the Court enter a protective order regarding the Protected Discovery in this case.

                              CLINTON J. JOHNSON
                              UNITED STATES ATTORNEY

                              */s/ Valeria Luster*
                              Valeria Luster, OBA No. 32451
                              Assistant United States Attorney
                              110 West 7th Street, Suite 300
                              Tulsa, OK 74119-1013
                              918-382-2700

## Certificate of Service

I hereby certify that on the 13th day of February, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Ismail Calhoun
*Counsel for Defendant Southey*

/s/ *Valeria Luster*
Assistant United States Attorney