IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW MARK SOUTHEY,<br><br>Defendant. | Case No. 26-CR-5-GKF |

## ORDER

Upon the unopposed motion of the United States for a protective order [ECF No. 19], the Court is fully advised as to the nature of this case, the relevant materials, and the applicability of Rule 6(e) of the Federal Rules of Criminal Procedure to certain materials requested by the Defendant. The Court finds that the government must provide Protected Discovery items for purposes of the trial of the above-captioned case.

IT IS HEREBY ORDERED that the Government attorneys are protected if they disclose to counsel for the above, prior to trial, the following discoverable materials: data from Snapchat; the minor victim's (MV) forensic interview; and search warrants obtained and maintained under seal; criminal history reports and other PII reports; and protected Grand Jury transcripts (hereinafter "Protected Discovery"), which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks*

Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963).

IT IS FURTHER ORDERED:

a)  The defense team, which includes counsels of record for the defense, investigators, paralegals, support staff, and their contractors may not disseminate physical/electronic copies of discovery or substantially disclose their contents verbatim of the Protected Discovery for any purpose other than those individuals identified in subparagraph b;

b)  The defense team may not show Protected Discovery to anyone except for the defendant, defendant's attorney(s) of record in this case, potential witnesses, and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including an expert witness(es), and not leave the Protected Discovery in the possession of the defendant;

c)  The defense team may not reproduce Protected Discovery, for dissemination to any persons or parties other than defendant's attorney(s) of record in this case and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including an expert witness(es). Those on the defense team and employed by the attorney who are necessary to assist in preparation for trial in this case are permitted to retain a copy of any necessary and relevant Protected Discovery until the conclusion of the litigation in this case. Defense counsel shall notify any person receiving Protected Discovery of the restrictions in this Order, provide those recipients with a copy of the Order, and direct those persons to store the materials in a confidential and secured space. Defense counsel shall ensure that recipients of Protected Discovery return all copies of the discovery, physical or electronic, to counsel, and that all recipients delete or destroy any electronic links to Protected Discovery;

d)  If the parties wish to file portions of Protected Discovery, make those items available to the Court, or to make reference to the sensitive portions of their contents, then those portions of Protected Discovery must be filed as sealed exhibits or redacted so as not to disclose the identities of any minors or their guardians;

e)  In the event defense counsel is replaced by new defense counsel outside of Cannon and Associates Criminal Defense and Family Firm, defense counsel shall not turn over Protected Discovery to new counsel without prior written permission of the government. The government will only grant permission when it is satisfied that new counsel has reviewed the terms of the Protective Order and has acknowledged that he/she is bound by them; and

    f) The provisions of this Protective Order shall not terminate at the conclusion of this prosecution.

DATED this 13th day of February 2026.

                                                      GREGORY K. FRIZZELL
                                                    UNITED STATES DISTRICT JUDGE