# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW MARK SOUTHEY,

    Defendant.

Case No. 26-CR-005-GKF

## Motion for Preliminary Order of Forfeiture

The United States of America, by undersigned counsel, requests the entry of a Preliminary Order of Forfeiture of certain property for the reasons set forth below.

On January 5, 2026, defendant Andrew Mark Southey was charged by Indictment with Sexual Exploitation of a Child and Receipt of Child Pornography. *Dkt. # 5.* A forfeiture allegation was included in the Indictment, giving the Defendant notice that upon conviction of the alleged offenses the following property shall be forfeited to the United States as property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of the violations, and any property, real or personal, that was used or intended to be used to commit or facilitate the violations of federal law, including but not limited to:

**ELECTRONICS**

1. A Dell G16-7630 laptop computer, serial number B1GP754; and

2. A Motorola, Moto G cellular phone, IMEI 351894943429366[1].

---

[1] The asset description has been updated from the Indictment to include the

*Id. at 3.*

On June 17, 2026, the Defendant pled guilty to Receipt of Child Pornography (Count Two). *Dkt. # 29*. As part of the Plea Agreement between the parties, and pursuant to 18 U.S.C. § 2253(a), the Defendant agreed to the forfeiture of the above listed property. *Dkt. # 32* at *6*.

The language of the forfeiture statute reflects the mandatory nature of forfeiture, once the factual predicates have been met. Property constituting proceeds obtained as a result of the violation, and any property used or intended to be used to facilitate the violation *shall* be subject to forfeiture to the United States. *18 U.S.C. § 2253(a)*. The Supreme Court noted that "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied." *United States v. Monsanto*, 491 U.S. 600, 607 (1989). *See also United States v. McGinty*, 610 F.3d 1242, 1245-46 (10th Cir. 2010) (applying *Monsanto*). Based upon the Defendant's guilty plea to 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), the record, and the factual summary of the plea, the United States seeks forfeiture of the above listed property.

Upon the issuance of a Preliminary Order of Forfeiture, the United States will publish notice of the forfeiture and its intent to dispose of the property in such a

---

manufacturer. The complete asset description was also included in the Defendant's plea agreement. *Dkt. # 32*.

manner as the Attorney General may direct. *21 U.S.C. § 853(n)* and *Fed. Rule of Crim. P. 32.2(b)(6).* The notice will state that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Reagan V. Reininger, Assistant United States Attorney, within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. This notice will state that the petition shall: (a) be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; (b) be signed by the petitioner under penalty of perjury; (c) set forth the nature and extent of the petitioner's right, title, or interest in the property; and (d) set forth any additional facts supporting the petitioner's claim and the relief sought. Additionally, the United States will send notice to any person who reasonably appears to be a potential claimant withstanding to contest the forfeiture in an ancillary proceeding.

If a third-party petition to the property is not timely filed, the Preliminary Order of Forfeiture becomes final, and the United States shall have clear title to the property for disposition according to law. Fed. R. Crim. P. 32.2(c)(2).

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), and in an effort to promote judicial economy, the United States further moves the Court for an Order authorizing the United States to commence discovery proceedings, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas

pursuant to Fed. R. Civ. P. 45, at the time that any petitions are filed in order to resolve any third-party issues.

The United States respectfully requests that the Court enter a Preliminary Order of Forfeiture of the specified property.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ Reagan V. Reininger*
REAGAN V. REININGER, OBA #22326
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
Telephone: 918.382.2700
Email: reagan.reininger@usdoj.gov

## Certificate of Service

I hereby certify that on the 17th day of July, 2026, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record.

*/s/ Susan Bigknife*
Susan Bigknife, Paralegal